## SMITH *v.* STOUTENBURGH.

### MUNICIPAL ORDINANCES; POLICE COURT.

The act of the Legislative Assembly of August 23, 1871, providing a penalty for crossing a public street with an engine or cars in the daytime without having a flagman stationed there, applies only within the limits of the cities of Washington and Georgetown; and the Police Court has no jurisdiction over such offences committed outside those limits.

No. 544. Submitted April 7, 1896. Decided May 5, 1896.

HEARING on an appeal by the petitioner from a judgment dismissing a petition for a writ of *habeas corpus*. Reversed.

The facts are sufficiently stated in the opinion.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellant.

*Mr. Sidney T. Thomas*, Attorney for the District of Columbia, and *Mr. Andrew B. Duvall*, Assistant Attorney, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, William T. Smith, appeals from a judgment of the Supreme Court of the District of Columbia, dismissing his petition for a writ of *habeas corpus*. He is a locomotive engineer of the Baltimore and Ohio Railroad Company, and was charged, by information in the police court, November 7, 1895, with unlawfully running an engine on the track of said company, where it crosses a public street, in the daytime, and without having a person stationed thereat with a red flag to give warning of the approach of said engine, contrary to an act of the late Legislative Assembly, passed August 23, 1871. He was brought to trial, convicted, sentenced to pay a fine, and in default thereof committed to the workhouse of the District.

It appears that the alleged crossing is in a suburb, called Eckington, within the District, but outside the cities of Washington and Georgetown. The place of crossing was alleged to be where R street northeast intersects the railroad; but it is agreed that the track at said point is wholly on the land of the railroad company, because the said R street has never been laid out and established across the same. The land, however, is open and the track unfenced; so there is nothing to prevent crossing at the point.

The conviction was had under the second section of the act of the District Assembly, approved August 23, 1871, which provides a penalty of ten dollars for each act of crossing a public street with an engine or cars, in the daytime, without having a person, with a red flag, stationed there to give warning of the approach thereof. Acts 1st Session Legislative Assembly, p. 105.

The judgment of conviction is claimed to be void upon several distinct grounds, one only of which need be mentioned, as it is sufficient to dispose of the case.

Conceding the subject-matter of the act to be within the powers conferred on the District Assembly by Congress, it is contended that it applies only within the limits of the cities of Washington and Georgetown.    If this be correct the court below had no jurisdiction, and its sentence must be declared void.

The contention of the District is, that because there is no such express limitation in the second section of the act, it must be held to apply to all the territory within the limits of the District.    The contention is plausible only.    Considered by itself, the section might be given that construction.  Although, at that time, there were no "public streets" outside the limits of the said cities, it was still within the power of the Assembly to make the act so general that it might apply to any and all public streets thereafter to be laid out and opened anywhere within the District.  But the act has a general purpose, and must be considered as a whole in order to determine the application of the second, as well as of some other sections—there being seven in all.    So considered, we think it reasonably clear that the act was not intended to operate outside the limits of the cities of Washington and Georgetown.    Consequently, the police court had no more jurisdiction than it would have had if the alleged offence had been committed outside the boundaries of the District, and its judgment and sentence are necessarily void.

*The judgment will be reversed, and the cause remanded to the Supreme Court of the District of Columbia, with directions to discharge the appellant from custody.    It is so ordered.*